```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BLUEFIELD
```

**LBR HOLDINGS, LLC,**

      **Plaintiff,**

v.                                            **CIVIL ACTION NO. 1:13—01081**

**GREGORY G. POULOS, et al.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is a motion to dismiss for lack of subject matter jurisdiction filed by defendants Gregory G. Poulos, Jason G. Poulos, Pamela F. Poulos, Shaun D. Rogers, Kevin H. Rogers, Derek B. Rogers, and T.G. Rogers, III.  (Doc. No. 30). Defendant Geomet Operating Company, Inc. agrees with defendants that this court does not have jurisdiction because diversity is lacking.  For the reasons expressed more fully below, the motion to dismiss is GRANTED.

### I.  Background

Relying on diversity of citizenship, LBR filed this suit against the defendants listed above, as well as EQT Production Company, seeking declaratory and other relief regarding the ownership of the coalbed methane under certain property located in McDowell County, West Virginia.  Plaintiff LBR Holdings is a Virginia limited liability company with its principal office in Lexington, Kentucky.  The two members of LBR are Kentucky trusts.  The trustee for both trusts is a citizen of Kentucky

while the beneficiaries of the trusts are citizens of Kentucky, Tennessee, and North Carolina.  Resolution of the motion to dismiss hinges on the whether the citizenship of a trust is determined by the citizenship of the trust's beneficiaries.  If it is, as defendants argue in their motion, diversity is lacking because LBR would be a citizen of Kentucky, Tennessee, and North Carolina for purposes of diversity jurisdiction and defendants Derek Rogers and T.J. Rogers are also North Carolina citizens.  LBR contends that the citizenship of the trust is based upon the citizenship of the trustee and, therefore, there is complete diversity.

## II.  Standard of Review

Federal district courts may exercise diversity jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states.  See 28 U.S.C. § 1332(a)(1).  The phrase "between citizens of different states" has been interpreted as requiring "complete diversity," i.e., the citizenship of each plaintiff must be diverse from the citizenship of each defendant.  Caterpillar Inc., v. Lewis, 519 U.S. 61, 68 (1996)(citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806)).

### III. Analysis

The parties agree that neither the Supreme Court nor our appeals court has decided the precise issue presented herein: how to determine the citizenship of a trust. The parties further agree that the courts to have considered the question are divided. Having reviewed the split of authority on the issue, the court finds particularly persuasive the opinion of the United States Court of Appeals for the Third Circuit in Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192 (3d Cir. 2007).

In that case, the Third Circuit discussed four alternatives for determining the citizenship of a trust:

> (a) look to the citizenship of the trustee only; (b) look to the citizenship of the beneficiary only; (c) look to the citizenship of either the trustee or the beneficiary depending on who is in control of the trust in the particular case; or (d) look to the citizenship of both the trustee and the beneficiary.

Id. at 201. In considering the possibilities, the Emerald Investors court rejected the option proposed by the plaintiff in this case - - that the court should only look to the citizenship of the trustee. See id. at 201-02. The Third Circuit noted that the likely source of confusion on the issue was the Supreme Court's holding in Navarro Savings Association v. Lee, 446 U.S. 458 (1980), which "could be understood as suggesting that a court should look to the citizenship of the trustee in determining the citizenship of a trust without regard to the citizenship of the

-3-

beneficiary." Id. at 201. However, as the Emerald Investors court noted, a later decision by the Court made clear that "Navarro had nothing to do with the citizenship of the 'trust.'" Id. at 202 (quoting Carden v. Arkoma Associates, 494 U.S. 185, 192-93 (1990)). Therefore, to the extent that various courts have concluded that the citizenship of a trust is that of the trustee, their reliance on Navarro is misplaced.

The Emerald Investors court ultimately determined that, in determining the citizenship of a trust, the best alternative was to look at both the citizenship of the trustee and the beneficiary. See id. at 203. In so doing, the court noted that such an approach would not contradict either Navarro or Carden; "obviates the possibility of an illogical outcome under a trustee or beneficiary-only approach in a case in which the trustee controls the trust and the beneficiary is merely passive, or vice versa"; and provides a bright-line rule for determining if the court has subject matter jurisdiction. Id. at 203-04.

Recently, in a case involving the same parties that are named herein, a court in the Western District of Virginia considered the method for determining the citizenship of a trust. See Poulos v. Geomet Operating Company, Inc., Case No. 1:12CV00094 (W.D. Va. June 6, 2013). Relying on the Emerald Investors decision, Judge Jones concluded that the test adopted by that court was "well-reasoned" and "the most desirable of the

four options." Id. at p. 6.  The court held that LBR had the citizenship of both its trustee and its beneficiaries and, therefore, complete diversity was lacking.  See id.

For the reasons expressed by Judge Jones in his opinion in Poulos and the United States Court of Appeals for the Third Circuit in Emerald Investors Trust, the court concludes that LBR has the citizenship of both its trustee and its beneficiaries. See also Constantin Land Trust v. Epic Diving and Marine Services, LLC, Civil Action No. 12-259, 2013 WL 1292275, *6 (E.D. La. Mar. 28, 2013) (listing opinions holding "that the citizenship of a trust is that of all of its `members,' defined as its trustees and beneficiaries"); Yueh-Lan Wang ex rel. Wong v. New Mighty U.S. Trust, 841 F. Supp.2d 198, 203 (D.D.C. 2012) (finding that "Supreme Court precedent and the well-considered decisions of other circuits support the conclusion that the citizenship of a trust's beneficiaries must be taken into account in determining the citizenship of a trust").  In this case, that means that LBR is a citizen of Kentucky, Tennessee, and North Carolina.  Because defendants Derek Rogers and T.J. Rogers are citizens of North Carolina, complete diversity is lacking and this court does not have jurisdiction.

## IV. Conclusion

Based on the foregoing, defendants' motion to dismiss for lack of subject matter jurisdiction is GRANTED.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

It is **SO ORDERED** this 23rd day of January, 2014.

ENTER:

David A. Faber
Senior United States District Judge